IN THE UNITED STATES BANKRUPTCY COURT
Southern District of Georgia, Savannah Division

**Fill in this information to identify the case:**

| | |
|---|---|
| Debtor 1 | Kemper, Leigh |
| Debtor 2 (Spouse, if filing) | |
| Case Number (If known) | 18-40288 |

[X] Check if this is an amended plan.

## CHAPTER 13 PLAN AND MOTION

[Pursuant to Fed. R. Bankr. P. 3015.1, the Southern District of Georgia General Order 2017-3 adopts this form in lieu of the Official Form 113].

1.   **Notices. Debtor(s) must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as not being contained in the plan or if neither or both boxes are checked, the provision will be ineffective if set out in the plan.**

   (a) This plan:      [ ] contains nonstandard provisions. See paragraph 15 below.
                       [X] does not contain nonstandard provisions.

   (b) This plan:      [X] values the claim(s) that secures collateral. See paragraph 4(f) below.
                       [ ] does not value claim(s) that secures collateral.

   (c) This plan:      [ ] seeks to avoid a lien or security interest. See paragraph 8 below.
                       [X] does not seek to avoid a lien or security interest.

2.   **Plan Payments.**

   (a) The Debtor(s) shall pay to the Chapter 13 Trustee (the "Trustee") the sum of $ **452.00** for the applicable commitment period of:

   [X] 60 months; or
   [ ] a minimum of 36 months. See 11 U.S.C. § 1325(b)(4).

   (b) The payments under paragraph 2(a) shall be paid:

   [ ] Pursuant to a Notice to Commence Wage Withholding the Debtor(s) request(s) that the Trustee serve such Notice(s) upon the Debtor's(s') employer(s) as soon as practicable after the filing of this plan. Such Notice(s) shall direct the Debtor's(s') employer(s) to withhold and remit to the Trustee a dollar amount that corresponds to the following percentages of the monthly plan payment:

   [ ] Debtor 1 _____ % [ ] Debtor 2 _____ %

   [ X ] Direct to the Trustee for the following reason(s):
            [ ] The Debtor(s) receive(s) income solely from self-employment, Social Security, government assistance, or retirement.
            [ X ] The Debtor(s) assert(s) that wage withholding is not feasible for the following reason(s): Debtor believes that she will not get a job transfer if the employer knows of this matter.

   (c) Additional Payments of $ _____ (estimated amount) will be made on _____ (anticipated date) from _____ (source, including income tax refunds).

3.   **Long-Term Debt Payments.**

(a) **Maintenance of Current Installment Payments.** The Debtor(s) will make monthly payments in the manner specified as follows on the following long-term debts pursuant to 11 U.S.C. § 1322(b)(5). These postpetition payments will be disbursed by either the Trustee or directly by the Debtor(s), as specified below. Postpetition payments are to be applied to postpetition amounts owed for principal, interest, authorized postpetition late charges and escrow, if applicable. Conduit payments that are to be made by the Trustee which become due after the filing of the petition but before the month of the first payment designated here will be added to the prepetition arrearage claim.

| CREDITOR | COLLATERAL | PRINCIPAL RESIDENCE(Y/N) | PAYMENTS TO BE MADE BY (TRUSTEE OR DEBTOR(S)) | MONTH OF FIRST POSTPETITION PAYMENT TO CREDITOR | INITIAL MONTHLY PAYMENT |
|---|---|---|---|---|---|
| **Bank of America** | **house** | **yes** | **debtor** | **March** | **513.00** |

(b) **Cure of Arrearage on Long-Term Debt.** Pursuant to 11 U.S.C. § 1322(b)(5), prepetition arrearage claims will be paid in full through disbursements by the Trustee, with interest (if any) at the rate stated below. Prepetition arrearage payments are to be applied to prepetition amounts owed as evidenced by the allowed claim.

| CREDITOR | DESCRIPTION OF COLLATERAL | PRINCIPAL RESIDENCE(Y/N) | ESTIMATED AMOUNT OF ARREARAGE | INTEREST RATE ON ARREARAGE (if applicable) |
|---|---|---|---|---|
| None | | | | |

4.      **Treatment of Claims.** From the payments received, the Trustee shall make disbursements as follows unless designated otherwise:

(a) **Trustee's Fees.** The Trustee percentage fee as set by the United States Trustee.

(b) **Attorney's Fees.** Attorney's fees allowed pursuant to 11 U.S.C. § 507(a)(2) of $. **4,500.00**

(c) **Priority Claims.** Other 11 U.S.C. § 507 claims, unless provided for otherwise in the plan will be paid in full over the life of the plan as funds become available in the order specified by law.

(d) **Fully Secured Allowed Claims.** All allowed claims that are fully secured shall be paid through the plan as set forth below.

| CREDITOR | DESCRIPTION OF COLLATERAL | ESTIMATED CLAIM | INTEREST RATE | MONTHLY PAYMENT |
|---|---|---|---|---|
| None | | | | |

(e) **Secured Claims Excluded from 11 U.S.C. § 506 (those claims subject to the hanging paragraph of 11 U.S.C. § 1325(a)).** The claims listed below were either: (1) incurred within 910 days before the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the Debtor(s), or (2) incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value. These claims will be paid in full under the plan with interest at the rate stated below:

| CREDITOR | DESCRIPTION OF COLLATERAL | ESTIMATED CLAIM | INTEREST RATE | MONTHLY PAYMENT |
|---|---|---|---|---|
| None | | | | |

(f) **Valuation of Secured Claims to Which 11 U.S.C. § 506 is Applicable.** The Debtor(s) move(s) to value the claims partially secured by collateral pursuant to 11 U.S.C. § 506 and provide payment in satisfaction of those claims as set forth below. The unsecured portion of any bifurcated claims set forth below will be paid pursuant to paragraph 4(h)

below. The plan shall be served on all affected creditors in compliance with Fed. R. Bankr. P. 3012(b), and the Debtor(s) shall attach a certificate of service.

| CREDITOR | DESCRIPTION OF COLLATERAL | VALUATION OF SECURED CLAIM | INTEREST RATE | MONTHLY PAYMENT |
|---|---|---|---|---|
| Ally Auto | 2014 Nissan Altima | 5,560.00 | 4.50% | 100.00 |

(g) **Special Treatment of Unsecured Claims.** The following unsecured allowed claims are classified to be paid at 100% [ ] with interest at _____ % per annum **or** [ ] without interest:
**None**

(h) **General Unsecured Claims.** Allowed general unsecured claims, including the unsecured portion of any bifurcated claims provided for in paragraph 4(f) or paragraph 9 of this plan, will be paid a **0.98**% dividend or a pro rata share of $ **382.03**, whichever is greater.

5.     **Executory Contracts.**

(a) **Maintenance of Current Installment Payments or Rejection of Executory Contract(s) and/or Unexpired Lease(s).**

| CREDITOR | DESCRIPTION OF PROPERTY/ SERVICES AND CONTRACT | ASSUMED/ REJECTED | MONTHLY PAYMENT | DISBURSED BY TRUSTEE OR DEBTOR(S) |
|---|---|---|---|---|
| Verizon | cell phone | Assume | 0.00 | debtor |

(b) **Treatment of Arrearages.** Prepetition arrearage claims will be paid in full through disbursements by the Trustee.

| CREDITOR | ESTIMATED ARREARAGE |
|---|---|
| Verizon | 0.00 |

6.     **Adequate Protection Payments.** The Debtor(s) will make pre-confirmation lease and adequate protection payments pursuant to 11 U.S.C. § 1326(a)(1) on allowed claims of the following creditors: [   ] Direct to the Creditor; **or** [ ] To the Trustee.

| CREDITOR | ADEQUATE PROTECTION OR LEASE PAYMENT AMOUNT |
|---|---|
| Alley Auto | $75.00 |

7.     **Domestic Support Obligations.** The Debtor(s) will pay all postpetition domestic support obligations direct to the holder of such claim identified here. See 11 U.S.C. § 101(14A). The Trustee will provide the statutory notice of 11 U.S.C. § 1302(d) to the following claimant(s):

| CLAIMANT | ADDRESS |
|---|---|
| None | |

8.     **Lien Avoidance.** Pursuant to 11 U.S.C. § 522(f), the Debtor(s) move(s) to avoid the lien(s) or security interest(s) of the following creditor(s), upon confirmation but subject to 11 U.S.C. § 349, with respect to the property described below. The plan shall be served on all affected creditor(s) in compliance with Fed. R. Bankr. P. 4003(d), and the Debtor(s) shall attach a certificate of service.

| CREDITOR | LIEN IDENTIFICATION (if known) | PROPERTY |
|---|---|---|
| None | | |

9.     **Surrender of Collateral.** The following collateral is surrendered to the creditor to satisfy the secured claim to the extent shown below upon confirmation of the plan. The Debtor(s) request(s) that upon confirmation of this plan the stay under 11

GASB – Form 113 December 1, 2017

U.S.C. § 362(a) be terminated as to the collateral only and that the stay under 11 U.S.C. § 1301 be terminated in all respects. Any allowed deficiency balance resulting from a creditor's disposition of the collateral will be treated as an unsecured claim in paragraph 4(h) of this plan if the creditor amends its previously-filed, timely claim within 180 days from entry of the order confirming this plan or by such additional time as the creditor may be granted upon motion filed within that 180-day period.

| CREDITOR | DESCRIPTION OF COLLATERAL | AMOUNT OF CLAIM SATISFIED |
|---|---|---|
| None | | |

10.   **Retention of Liens.** Holders of allowed secured claims shall retain the liens securing said claims to the full extent provided by 11 U.S.C § 1325(a)(5).

11.   **Amounts of Claims and Claim Objections.** The amount, and secured or unsecured status, of claims disclosed in this plan are based upon the best estimate and belief of the Debtor(s). An allowed proof of claim will supersede those estimated claims. In accordance with the Bankruptcy Code and Federal Rules of Bankruptcy Procedure objections to claims may be filed before or after confirmation.

12.   **Payment Increases.** The Debtor(s) will increase payments in the amount necessary to fund allowed claims as this plan proposes, after notice from the Trustee and a hearing if necessary, unless a plan modification is approved.

13.   **Federal Rule of Bankruptcy Procedure 3002.1.** The Trustee shall not pay any fees, expenses, or charges disclosed by a creditor pursuant to Fed. R. Bankr. P. 3002.1(c) unless the Debtor's(s') plan is modified after the filing of the notice to provide for payment of such fees, expenses, or charges.

14.   **Service of Plan.** Pursuant to Fed. R. Bankr. P. 3015(d) and General Order 2017-3, the Debtor(s) shall serve the Chapter 13 plan on the Trustee and all creditors when the plan is filed with the court, and file a certificate of service accordingly. If the Debtor(s) seek(s) to limit the amount of a secured claim based on valuation of collateral (paragraph 4(f) above), seek(s) to avoid a security interest or lien (paragraph 8 above), or seek(s) to initiate a contested matter, the Debtor(s) must serve the plan on the affected creditors pursuant to Fed. R. Bankr. P. 7004. See Fed. R. Bankr. P. 3012(b), 4003(d), and 9014.

15.   **Nonstandard Provisions.** Under Fed. R. Bankr. P. 3015(c), nonstandard provisions must be set forth below. A nonstandard provision is a provision not otherwise in this local plan form or deviating from it. Nonstandard provisions set out elsewhere in this plan are void.

**By signing below, I certify the foregoing plan contains no nonstandard provisions other than those set out in paragraph 15.**

Dated: **March  1, 2018**

*/s/ Leigh Kemper*
Debtor 1

_____
Debtor 2
*/s/ Bethany M. Hillis*
Attorney for the Debtor(s)

GASB – Form 113 December 1, 2017

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
Savannah Division

In Re:                                  )
                                        )
        Leigh Kemper                    )        Chapter 13
                                        )        Case No. 18-40288
        Debtor                          )

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served the parties listed on the attached Parties in

Interest page with the **AMENDED CHAPTER 13 PLAN AND MOTION** by causing copies to

be:

___X___        deposited in a properly addressed envelope with sufficient
               postage affixed thereto and placed into first class mail.

___X___        delivered via electronic mail.

        This ___1st___ day of Mar., 2018.

                        THE HILLIS LAW FIRM, P.C.


                        s/Bethany M. Hillis
                        Bethany M. Hillis
                        GA State Bar No. 877677

Post Office Box 827
Rincon, GA 31326
(912) 826-0059
Fax (912) 826-0043
E-Mail:  beth@thehillislawfirm.com

# Parties in Interest

Chapter 13 Trustee:            O. Byron Meredith, III
                               P.O. Box 10556
                               Savannah GA 31412

Creditors:                     mailing matrix

                               Verizon Wireless
                               PO Box 26055
                               Minneapolis, MN 55426-0055

Label Matrix for local noticing
113J-4
Case 18-40288-EJC
Southern District of Georgia
Savannah
Thu Mar  1 16:48:15 EST 2018

Bank of America
PO Box 31785
Tampa, FL  33631-3785

(p)GEORGIA DEPARTMENT OF REVENUE
COMPLIANCE DIVISION
ARCS BANKRUPTCY
1800 CENTURY BLVD NE SUITE 9100
ATLANTA GA 30345-3202

Internal Revenue Service
PO Box 621501
Atlanta, GA  30362-3001

Lending Club
71 Stevenson St Ste 300
San Francisco, CA  94105-2985

O Byron Meredith III
P O Box 10556
Savannah, GA 31412-0756

Office of the U. S. Trustee
Johnson Square Business Center
2 East Bryan Street, Ste 725
Savannah, GA 31401-2638

United States Attorney
P.O. Box 8970
Savannah GA 31412-8970

Banana Republic
PO Box 380902
Bloomington, MN  55438-0902

CreditOne Bank
PO Box 60500
City of Industry, CA  91716-0500

Green & Cooper
615 Colonial Park Dr # 104
Roswell, GA  30075-3772

J. JILL Credit Card
PO Box 182273
Columbus, OH  43218-2273

Listen Clear
300 Bull St Ste 200
Savannah, GA  31401-4347

Merrick Bank
PO Box 660702
Dallas, TX  75266-0702

Schachter Portnoy, LLC
7 Dunwoody Park Ste 111
Atlanta, GA  30338-6711

Synchrony Bank
PO Box 530942
Atlanta, GA  30353-0942

First Savings Credit Card
PO Box 2509
Omaha, NE  68103-2509

Bethany Marie Hillis
The Hillis Law Firm PC
P O Box 827
Rincon, GA 31326-0827

Leigh Kemper
502 Madison Oaks Dr
Rincon, GA 31326-9773

McCullough Payne Haan & Nadler LLC
PO Box 77467
Atlanta, GA  30357-1467

National Service Bureau
18912 N Creek Pkwy Ste 205
Bothell, WA  98011-8016

Talbots
PO Box 182273
Columbus, OH  43218-2273

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

Georgia Department of Revenue
Bankruptcy Section
1800 Century Blvd NE Ste 17200
Atlanta, GA  30345-3206

End of Label Matrix
Mailable recipients   21
Bypassed recipients    0
Total                 21